## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PAUL CASTONGUAY, | ) | CASE NO. 8:09CV413 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| JEFFREY NEWTON, Director, | ) | |
| EARNEST BLACK, Sgt., MARK | ) | |
| FOXALL, Associate Director, | ) | |
| DOUGLAS COUNTY CORRECTIONS, | ) | |
| and UNKNOWN DEFENDANTS, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on November 17, 2009.  (Filing No. 1.)

Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 6.)  The

court now conducts an initial review of the Complaint to determine whether summary

dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I.      SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on November 17, 2009, against Douglas County

Corrections ("DCC"), three individuals and other "Unknown Defendants" (collectively the

"Individual Defendants").  (Filing No. 1 at CM/ECF p. 1.)  Plaintiff sues the Individual

Defendants in both their individual and official capacities.  (*Id*. at CM/ECF p. 3.)  Plaintiff

is currently incarcerated in the Douglas County Correctional Center in Omaha, Nebraska.

(*See* Docket Sheet.)

Condensed and summarized, Plaintiff alleges that Defendants have

unconstitutionally restricted his ability to send mail.  (*Id*. at CM/ECF pp. 2-3, 5.)

Specifically, Plaintiff is not permitted to send mail to anyone other than  LeeAnne Srb

("Srb").  (*Id*. at CM/ECF p. 5.)  This restriction has prevented Plaintiff from communicating

with the court and forced him to send his Complaint under another inmate's name (*i.e.* Jason Hawthrone). (*Id.* at CM/ECF pp. 3, 7.) Plaintiff seeks compensatory damages in the amount of $700,000.00 and $2,000,000.00 in punitive damages. (*Id.* at CM/ECF p. 7.) **II.**

**APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW**

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988);  *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III.   DISCUSSION OF CLAIMS

### A.   Municipal Policy

Plaintiff names DCC as a Defendant in this matter.  (Filing No. 1 at CM/ECF p. 1.) The court liberally construes claims against DCC as claims against Douglas County, Nebraska.  As a municipal defendant, Douglas County may only be liable under section 1983 if its official "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).  An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special Sch. Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).  To establish the existence of a governmental custom, a plaintiff must prove:

1)   The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2)   Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3

3)      That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Douglas County's employees, or that Douglas County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct.  In addition, Plaintiff does not allege that an unconstitutional custom was the moving force behind his wife's injuries.  Accordingly, Plaintiff has failed to allege sufficient facts to "nudge" his claims against Douglas  County across the line from conceivable to plausible under the *Jane Doe* standard.

However, on its own motion, the court will permit Plaintiff 30 days in which to amend his Complaint to sufficiently allege a claim against Douglas County in accordance with the *Jane Doe* standard.  Any amended complaint shall restate the allegations of Plaintiff's prior Complaint (Filing No. 1), and any new allegations.  Failure to consolidate all claims into one document will result in the abandonment of claims.  If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, Plaintiff's claims against Douglas County will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**B.      First Amendment**

"[L]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system."  *Pell v. Procunier*, 417 U.S. 817, 822 (1974) (quotations and citations omitted).

4

"In the First Amendment context a corollary of this principle is that a prison inmate retains those First Amendment rights that are not inconsistent with [their] status as a prisoner or with the legitimate penological objectives of the corrections system." *Id*.  Accordingly, prison "rules censoring a prisoner's personal outgoing mail are justified only if the regulation or practice in question furthers an important governmental interest of security, order, or rehabilitation, and the limitation on the prisoner's retained First Amendment rights must be no greater than is necessary to protect the governmental interest." *Leonard v. Nix*, 55 F.3d 370, 374 (8th Cir. 1995).

Here, Plaintiff alleges that Defendants have restricted his outgoing mail. (Filing No. 1 at CM/ECF pp. 2-3, 5.)  Under this restriction, Plaintiff can only send mail to one person, LeAnne Srb. (*Id*.)  Liberally construed, these allegations are sufficient to nudge Plaintiff's First Amendment claims against the Individual Defendants across the line from conceivable to plausible.  As a result, Plaintiff's First Amendment claims against the Individual Defendants may proceed.  However, the court cautions Plaintiff that this is a preliminary determination based only on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

### C.   Access to Courts

In addition to his First Amendment claims, Plaintiff alleges an access to courts claim. (*Id*. at CM/ECF p. 3.)  To prove a violation of the right of access to the courts, Plaintiff must establish that Defendants did not provide him with an opportunity to litigate his claim in "a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th

Cir. 2008) (citation omitted).  "To prove actual injury, [Plaintiff] must 'demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded.'"  *Id*. (quoting *Lewis v. Casey*, 518 U.S. 343, 353 (1996)).

Here, Plaintiff alleges Defendants' mail restriction forced him to send this Complaint under another inmate's name.  (Filing No. 1 at CM/ECF pp. 3, 7.)  Liberally construed, this allegation is sufficient to nudge Plaintiff's access to courts claim across the line from conceivable to plausible.  As a result, Plaintiff's access to courts claim against the Individual Defendants may proceed.  Again, the court cautions Plaintiff that this is a preliminary determination based only on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.  Because the court is permitting Plaintiff an opportunity to amend his claims against DCC, no summons will be issued until after January 29, 2010.

IT IS THEREFORE ORDERED that:

1.    Plaintiff shall have until **January 29, 2010**, to amend his Complaint and clearly state a claim upon which relief may be granted against DCC in accordance with this Memorandum and Order.  If Plaintiff fails to file an amended complaint, Plaintiff's claims against DCC will be dismissed without further notice for failure to state a claim upon which relief may be granted;

2.    In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (Filing No. 1) and any new allegations.  Failure to consolidate all claims into one document may result in the abandonment of claims;

3.    No summons will be issued until after Plaintiff has had an opportunity to amend his Complaint in accordance with this Memorandum and Order;

4.    The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **January 29, 2010**; and

5.     Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

DATED this 29th day of December, 2009.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.