### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **PAUL CASTONGUAY,** | ) | **CASE NO. 8:09CV413** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **JEFFREY NEWTON, Director,** | ) | |
| **EARNEST BLACK, Sgt., MARK** | ) | |
| **FOXALL, Associate Director,** | ) | |
| **DOUGLAS COUNTY CORRECTIONS,** | ) | |
| **and UNKNOWN DEFENDANTS,** | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion to Amend. (Filing No. 10.) On December 29, 2009, the court conducted an initial review of Plaintiff's Complaint and determined that it failed to state a claim against Douglas County Corrections ("DCC") upon which relief could be granted. (Filing No. 8.) However, the court granted Plaintiff 30 days to amend his Complaint to clearly state a claim against DCC. (*Id*. at CM/ECF p. 6.) In doing so, the court stated: "In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims." (Filing No. 8 at CM/ECF p. 6.)

On January 12, 2010, Plaintiff filed a Motion to Amend Complaint. (Filing No. 10.) In his Motion Plaintiff asks the court to "grant [his] Motion to Amend" because Defendants "continue to violate [his] . . . rights." (*Id*. at CM/ECF p. 1.) However, Plaintiff did not clearly state a claim upon which relief may be granted against DCC. (*Id*.) In short, it is unclear whether Plaintiff's Motion is an amended complaint or whether he is simply asking for an additional time to amend. Therefore, the court will permit Plaintiff an additional 30 days in which to amend his Complaint to sufficiently allege a claim against DCC in accordance with the court's December 29, 2009 Memorandum and Order. Any amended complaint shall restate the allegations of Plaintiff's prior Complaint (filing no. 1), and any new allegations.

Failure to consolidate all claims into one document will result in the abandonment of claims. If Plaintiff fails to file an amended complaint in accordance with the court's December 29, 2009, Memorandum and Order, Plaintiff's claims against DCC will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **March 12, 2010**, to amend his Complaint and clearly state a claim upon which relief may be granted against DCC in accordance with the court's December 29, 2009. If Plaintiff fails to file an amended complaint, Plaintiff's claims against DCC will be dismissed without further notice for failure to state a claim upon which relief may be granted;

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims;

3. No summons will be issued until after Plaintiff has had an opportunity to amend his Complaint in accordance with this Memorandum and Order;

4. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on March 12, 2010; and

5. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

DATED this 17th day of February, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.