IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PAUL CASTONGUAY, ) | CASE NO. 8:09CV413 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM |
| ) | AND ORDER |
| JEFFREY NEWTON, Director, ) | |
| EARNEST BLACK, Sgt., MARK ) | |
| FOXALL, Associate Director, ) | |
| DOUGLAS COUNTY CORRECTIONS, ) | |
| and UNKNOWN DEFENDANTS, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on its own motion. On December 29, 2009, the court conducted an initial review of Plaintiff's Complaint and determined that it failed to state a claim against Douglas County Corrections ("DCC") upon which relief could be granted. (Filing No. 8.) However, the court granted Plaintiff 30 days to amend his Complaint to clearly state a claim against DCC. (*Id.* at CM/ECF p. 6.) In doing so, the court stated: "In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (Filing No. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims." (Filing No. 8 at CM/ECF p. 6.)

On January 12, 2010, Plaintiff filed a Motion to Amend Complaint. (Filing No. 10.) Because it was unclear whether Plaintiff's Motion was an amended complaint or whether he was simply asking for additional time to amend, the court granted Plaintiff an additional opportunity to amend. (Filing No. 11.)

On February 23, 2010, Plaintiff filed an Amended Complaint. (Filing No. 12.) After reviewing the Amended Complaint, the court finds that Plaintiff failed to comply with its

December 29, 2009, Memorandum and Order with respect to his claims against DCC. For the reasons set forth in the December 29, 2009, Memorandum and Order, Plaintiff's claims against DCC are dismissed, and Plaintiff's First Amendment and access to courts claims may proceed against the remaining Defendants.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Amend (Filing No. 10) is granted pursuant to the court's February 17, 2010, Memorandum and Order;

2. Plaintiff's claims against DCC are dismissed without prejudice;

3. To obtain service of process on the remaining Defendants, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send THREE (3) summons forms and THREE (3) USM-285 forms to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur;

4. Upon receipt of the completed forms, the Clerk of the court will sign the summons form, to be forwarded with a copy of the Amended Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Amended Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Amended Complaint, and Plaintiff does not need to do so;

5. Fed. R. Civ. Pro. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process;

6. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint;

7. The Clerk of Court is directed to set a pro se case management deadline in this case with the following text: "**July 1, 2010:** Check for completion of service of summons;"

8. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal; and

9. Plaintiff's claims against DCC, as detailed in the court's December 29, 2009, Memorandum and Order, are dismissed without prejudice.

DATED this 3rd day of March, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.