IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PAUL CASTONGUAY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JEFFREY NEWTON, Director,<br>EARNEST BLACK, Sgt., MARK<br>FOXALL, Associate Director, and<br>UNKNOWN DEFENDANTS,<br><br>　　　　Defendants. | CASE NO. 8:09CV413<br><br><br><br>MEMORANDUM<br>AND ORDER |

　　　　This matter is before the court on numerous Motions filed by the parties. The court will address these Motions in turn.

### *I. Plaintiff's Motion to Subpoena LeAne Srb*

　　　　On October 4, 2010, Plaintiff filed a Motion to Subpoena LeAne Srb ("Srb"), his prior attorney. (Filing No. 43.) Defendants have objected to Plaintiff's Motion and argue that Plaintiff failed to comply with NECivR. 45.1(a), and that his Motion is not a proper subpoena under Fed. R. Civ. P. 45(a)(1)(D). (Filing No. 45.) Plaintiff responded by filing a Motion in Support of his Motion to Subpoena Srb. (Filing No. 47.) The court agrees with Defendants.

　　　　NECivR 45.1(a) provides that:

> No subpoenas for production or inspection may be issued for service on a nonparty without giving the adverse party notice stating the name and address of the nonparty being subpoenaed, the documents or items to be produced or inspected, the time and place for production or inspection, and the date on which the subpoena will issue.

*Id*. Plaintiff failed to provide Defendants the requisite notice under NECivR 45.1(a). Moreover, Plaintiff's Motion is not a subpoena, but rather a request to subpoena. (Filing

No. 43.) If Plaintiff desires to subpoena Srb, he must follow the Federal Rules of Civil Procedure and the court's local rules. Plaintiff's Motion to Subpoena Srb does neither and is therefore denied.

## II. Plaintiff's Motion to Subpoena Earnest Black

In addition to his Motion to Subpoena Srb, Plaintiff has filed a Motion to Subpoena a letter from Earnest Black ("Black"). (Filing No. 49.) Defendants have objected to Plaintiff's Motion because there is not a subpoena to enforce at this time and Plaintiff's Motion is not proper under Fed. R. Civ. P. 34 and Fed. R. Civ. P. 45(a)(1)(A). (Filing No. 54.) Again, the court agrees with Defendants.

Plaintiff has not served a subpoena on Black. Instead, Plaintiff's Motion is a request to subpoena Black, who is a party to this case. (Filing No. 49.) To the extent that Plaintiff desires to discover a document from Black, he may do so pursuant to Fed. R. Civ. P. 34. Rule 34 provides that a party may serve a request on another party to produce relevant and non-privileged documents in the party's possession, custody or control. Fed. R. Civ. P. 34(a)(1). Plaintiff has not submitted such a request. Accordingly, Plaintiff's Motion is denied.

## III. Defendants' Motion to Compel

Also pending is Defendants' Motion to Compel. (Filing No. 26.) In their Motion, Defendants seeks to compel answers to interrogatories served upon Plaintiff on September 30, 2010. (Filing No. 53.) For the reasons discussed below, Defendants' Motion is granted.

On October 11, 2010, Defendants received a typewritten response to their interrogatories that were incomplete and not signed under oath. (*Id*.) On October 12,

2010, Defendants sent Plaintiff a letter regarding his incomplete answers. (*Id*.) On October 14, 2010, Defendants had a phone conversation to discuss Plaintiff's incomplete answers and his need to answer under oath. (*Id*.) On October 27, 2010, Plaintiff provided a supplemental response that was still incomplete and unsigned. (*Id*.)

On November 4, 2010, Plaintiff filed "Defendant Answering to Discovery Notice of Serving Interrogatories Questions." (Filing No. 51.) This document is signed under oath, but it does not contain answers to interrogatories 2, 3, 4, 7, 10, 12, 16, 19 or 20. (*Id*.) On November 8, 2010, Defendants' filed a Motion to Compel answers to these interrogatories. (Filing No. 26.) Plaintiff has not answered the interrogatories nor responded to the Motion to Compel. (*See* Docket Sheet.) In light of this, Defendants' Motion to Compel is granted. Plaintiff shall have until December 15, 2010, to answer the interrogatories. In the event that Plaintiff fails to answer the interrogatories, Plaintiff's claims against Defendants may be dismissed without prejudice and without further notice.

### *IV. Motion for Subpoena Form*

Plaintiff has also filed a request for a subpoena form. (Filing No. 50.) The court will grant this Motion. However, Plaintiff is advised that he is required to comply with the Federal Rules of Civil Procedure and the court's local rules in serving any subpoenas.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Subpoena Srb (Filing No. 43), Motion in Support of his Motion to Subpoena Srb (Filing No. 47), and Motion to Subpoena Earnest Black (Filing No. 49.) are denied;

2. Defendants' Objection to Plaintiff's Motion to Subpoena Srb (Filing No. 45), and Objection to Plaintiff's Motion to Subpoena Earnest Black (Filing No. 54) are granted;

3. Defendants' Objection to Plaintiff's Motion for Miscellaneous Relief (Filing No. 39) is denied as moot;

4. Defendants' Motion to Compel (Filing No. 53) is granted. Plaintiff shall have until December 15, 2010, to answer Defendants' interrogatories. In the event that Plaintiff fails to answer the interrogatories by December 15, 2010, Plaintiff's claims against Defendants may be dismissed without prejudice and without notice;

5. The Clerk of the court is directed to set a pro se case management deadline in this case with the following text: December 15, 2010: check for response to interrogatories;

6. Plaintiff's Motion for Subpoena Form (Filing No. 50) is granted;

7. The Clerk of the court is directed to send Plaintiff Form AO 88B;

8. Defendants' Motion for Enlargement of Time (Filing No. 44) is granted. All depositions, whether or not they are intended to be used at trial, shall be completed by December 17, 2010. All dispositive motions shall be filed on or before January 21, 2011; and

9. Plaintiff's Objection to Defendants' Motion for Enlargement of Time (Filing No. 46) is denied.

DATED this 18th day of November, 2010.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.