## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PAUL CASTONGUAY, | ) | CASE NO. 8:09CV413 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JEFFREY NEWTON, Director, | ) | |
| EARNEST BLACK, Sgt., MARK | ) | |
| FOXALL, Associate Director, and | ) | |
| UNKNOWN DEFENDANTS, | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the court on Defendants' Motion for Leave to File an Amended Motion for Summary Judgment. (Filing No. 90.) Also pending is Plaintiff's Motion In Production of Documents (Filing No. 83) and Defendants' Motion to Strike (Filing No. 88). The court will address each motion in turn.

### I. Motion for Leave to File an Amended Motion for Summary Judgment

On April 12, 2011, Defendants filed a Motion for Leave to File an Amended Motion for Summary Judgment. (Filing No. 88.) In this Motion, Defendants state that counsel for Defendants discovered new documents showing that Plaintiff may have exhausted his administrative remedies. (*Id.* at CM/ECF p. 2.) Defendants ask the court to permit them to withdraw their arguments relating to exhaustion of administrative remedies and provide them with leave to file an Amended Motion for Summary Judgment and Brief in Support. (*Id.* at CM/ECF p. 3.) Plaintiff does not object to Defendants' Motion. (Filing No. 92.)

The court has carefully reviewed Defendants' Motion for Leave to File an Amended Motion for Summary Judgment and finds that it is not submitted in bad faith or for delay. In addition, Plaintiff does not object to the Motion. Accordingly, the court will grant Defendants' Motion for Leave to File an Amended Motion for Summary Judgment. Defendants shall file their amended motion for summary judgment and brief in support by May 17, 2011. Thereafter, briefing will continue as required by the Federal Rules of Civil

Procedure and the court's local rules.  In considering any amended motion for summary judgment, or response thereto, the court will disregard Defendants' Motion for Summary Judgment (Filing No. 64), Defendants' Brief in Support (Filing No. 65),  Plaintiff's Motion to Deny Summary Judgment (Filing No. 73), Plaintiff's Briefs in Support (Filing Nos 70, 71 and 72), Defendants' Reply Brief (Filing No. 78), and Plaintiff's Reply Brief (Filing No. 80). However, to the extent that the parities wish to cite to previously-filed indices of evidence, they may do so.

## II.  Motion In Production of Documents

On March 16, 2011, Plaintiff filed a Motion In Production of Documents.  (Filing No. 83.)  In his Motion, Plaintiff asks for copies of "all evidence" in this case because he was unable to make copies during his incarceration at "DCC."  (*Id.*)

Accordingly, the court liberally construes Plaintiff's Motion In Production of Documents as a Motion for Copies.  Plaintiff does not have the right to receive copies of documents without payment, even if the court granted him leave to proceed in forma pauperis.  28 U.S.C. § 1915; *see also Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077 (8th Cir. 1973), other citations omitted).  If Plaintiff requires copies of court documents, he should contact the Clerk of the court to determine the proper method of requesting and paying for copies.  Plaintiff's Motion In Production of Documents, construed as a Motion for Copies, is denied.

## III.  Motion to Strike

On March 21, 2011, Defendants filed a Motion to Strike.  (Filing No. 88.)  In this Motion, Defendants ask the court to strike filings 80 through 85, or in the alternative, to provide leave to respond pursuant to NECivR 7.0.1(c).  (*Id.* at CM/ECF p. 1.)  As discussed

above, the court has granted Defendants leave to file an Amended Motion for Summary Judgment, and denied Plaintiff's Motion In Production of Documents.  To the extent that Defendants need to respond to filings 80 through 85, they may do so in a brief in support of an amended motion for summary judgment.

IT IS THEREFORE ORDERED that:

1.   Defendants' Motion for Leave to File an Amended Motion for Summary Judgment (Filing No. 90) is granted;

2.   Defendants shall have until May 17, 2011, to file their amended motion for summary judgment and brief in support.  Thereafter, briefing will continue as required by the Federal Rules of Civil Procedure and the court's local rules. In considering any amended motion for summary judgment, or response thereto, the court will disregard Defendants' Motion for Summary Judgment (Filing No. 64), Defendants' Brief in Support (Filing No. 65), Plaintiff's Motion to Deny Summary Judgment (Filing No. 73), Plaintiff's Briefs in Support (Filing Nos 70, 71 and 72), Defendants' Reply Brief (Filing No. 78), and Plaintiff's Reply Brief (Filing No. 80). However, to the extent that the parities wish to cite to previously-filed indices of evidence, they may do so;

3.   Defendants' original Motion for Summary Judgment (Filing No. 64) and Plaintiff's Motion to Deny Summary Judgment (Filing No. 73) are denied as moot;

4.   Plaintiff's Motion In Production of Documents (Filing No. 83), construed as a Motion for Copies, is denied; and

5.   Defendants' Motion to Strike (Filing No. 88) is denied.  Defendants may respond to filings 80 through 85 in a brief in support of an amended motion for summary judgment.

DATED this 2nd day of May, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.