**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **PAUL CASTONGUAY,** | ) | **CASE NO. 8:09CV413** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **JEFFREY NEWTON, Director,** | ) | |
| **EARNEST BLACK, Sgt., MARK** | ) | |
| **FOXALL, Associate Director, and** | ) | |
| **UNKNOWN DEFENDANTS,** | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' Amended Motion for Summary Judgment. (Filing No. 95.) Also pending are Defendants' Motion to Extend Time to File an Amended Motion for Summary Judgment (Filing No. 94), Plaintiff's Motion Opposing Defendants' Motion to Extend Time to File an Amended Motion for Summary Judgment (Filing No. 98) and eleven other Motions and Objections filed by the parties (Filing Nos. 104, 105, 106, 107, 109, 110, 111, 113, 114, 115 and 117). For the reasons discussed below, Defendants' Amended Motion for Summary Judgment is denied and Plaintiff will be given an opportunity to serve Defendants in their individual capacities.

## I.   BACKGROUND

Plaintiff filed his original Complaint on November 17, 2009, alleging First Amendment and access-to-courts claims against Douglas County Corrections ("DCC"), three named individuals and other unknown individuals. (Filing No. 1 at CM/ECF p. 1.) On December 29, 2009, the court conducted an initial review of Plaintiff's original Complaint and determined that it failed to state a claim against DCC upon which relief could be granted. (Filing No. 8.) However, the court gave Plaintiff 30 days to amend his Complaint

to clearly state a claim against DCC. (*Id*. at CM/ECF p. 6.) On February 23, 2010, Plaintiff filed an Amended Complaint. (Filing No. 12.) After reviewing the Amended Complaint the court dismissed Plaintiff's claims against DCC because Plaintiff failed to state a claim upon which relief may be granted in accordance with *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis County,* 901 F.2d 642, 645 (8th Cir.1990). (*See* Filing Nos. 8 and 13.) However, the court permitted Plaintiff's First Amendment and access-to-courts claims to proceed against the remaining Defendants. (Filing No. 13.)

On June 9, 2010, Summons were returned executed upon Defendants Jeffery Newton ("Newton"), Earnest Black ("Black") and Mark Foxall ("Foxall"). (Filing Nos. 19, 20 and 21.) After extensions of time, Defendants filed an Answer and began discovery. (*See* Filing Nos. 22-26, 29.) On January 14, 2011, Defendants filed a Motion for Summary Judgment along with a Brief and Index of Evidence in support arguing, among other things, that Plaintiff failed to exhaust his administrative remedies. (Filing Nos. 64, 65 and 66.) However, counsel for Defendants later discovered new documents showing that Plaintiff may have exhausted his administrative remedies. (Filing No. 90 at CM/ECF p. 1.) On April 12, 2011, Defendants filed a Motion for Leave to File an Amended Motion for Summary Judgment seeking to withdraw several arguments. (*Id*. at CM/ECF p. 2.) On May 2, 2011, the court granted Defendants' Motion for Leave to File an Amended Motion for Summary Judgment and informed the parties that in considering any amended motion for summary judgment, or response thereto, the court would disregard the parties' previously filed documents relating to the original Motion for Summary Judgment. (Filing No. 93 at CM/ECF pp. 1-2.) However, the court also informed the parties that they could cite to

previously-filed indices of evidence. (*Id*. at CM/ECF p. 2.) The court gave Defendants until May 17, 2011, to file an amended motion for summary judgment. (*Id*. at CM/ECF p. 3.)

On May 13, 2011, Defendants filed a Motion to Extend Time to file their Amended Motion for Summary Judgment. (Filing No. 94.) However, three days later, and before the May 17, 2011, filing deadline, Defendants filed their Amended Motion for Summary Judgment. (Filing No. 95.) In response, Plaintiff filed a Motion Opposing Defendants' Motion to Extend and a Brief Opposing the Amended Motion for Summary Judgment. (Filing Nos. 98 and 99.) On June 2, 2011, Defendants filed a Reply Brief. (Filing No. 101.) Because Defendants timely filed their Amended Motion for Summary Judgment, Defendants' Motion to Extend Time to file their Amended Motion for Summary Judgment and Plaintiff's Motion Opposing Defendant's Motion to Extend are denied as moot.

The party seeking entry of summary judgment in its favor must set forth "a separate statement of material facts about which the moving party contends there is no genuine issue to be tried and that entitles the moving party to judgment as a matter of law." NECivR 56.1(a)(1). If the non-moving party opposes the motion, that party must "include in its [opposing] brief a concise response to the moving party's statement of material facts." NECivR 56.1(b)(1). Such response must "address each numbered paragraph in the movant's statement" of facts and must contain pinpoint citations to evidence supporting the opposition. *Id.* "Properly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response." *Id.*; *see also* Fed. R. Civ. P. 56(e) ("A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.").

Defendants have submitted a statement of material facts and properly-authenticated evidence in accordance with the court's Local Rules. Plaintiff has submitted a Brief Opposing Defendants' Amended Motion for Summary Judgment (Filing No. 99) and numerous supplemental documents (Filing Nos. 103, 105, 108, 110, 112 and 116). Defendants have responded to the supplemental documents with Motions to Strike and Objections. (Filing Nos. 104, 106, 109, 111, 113, 115 and 117.) The court will address these Motions to Strike and Objections before setting forth the relevant undisputed material facts.

## II. SUPPLEMENTAL DOCUMENTS, MOTIONS TO STRIKE & OBJECTIONS

As discussed above, Plaintiff has elected to file several supplemental documents. (*See* Filing Nos. 103, 105, 108, 110, 112 and 116.) In each instance, Defendants have filed an Objection and Motion to Strike, arguing, among other things, that Plaintiff failed to request the court's leave to file the supplemental documents in accordance with NECivR 7.0.1(c). (Filing Nos. 104, 106, 109, 111, 113 and 117.) In response, Plaintiff has filed two Objections and Defendants have filed an Objection to Plaintiff's Objection. (Filing Nos. 107, 114 and 115.)

The court has carefully reviewed Plaintiff's supplemental documents, Defendants' Motions to Strike and the parties' Objections. Plaintiff's supplemental documents generally restate allegations from his Amended Complaint and arguments from his Brief in Opposition to Defendants' Motion for Summary Judgment. As Defendants point out, Plaintiff failed to comply with NECivR 7.0.1(c) because he did not seek the court's leave to file any of his supplemental documents. (*See* Docket Sheet; Filing Nos. 104, 106, 109, 111, 113, 114, 115 and 117.) Defendants urge the court to strike these documents from

4

the record. However, motions to strike are viewed with disfavor and infrequently granted. Lunsford v. United States, 570 F.2d 221, 229 (8th Cir. 1977). In light of this, and Plaintiff's pro se status, the court will not strike Plaintiff's supplemental documents.

Separately, in each of their Motions to Strike, Defendants also request leave to respond to Plaintiff's supplemental filings. (*See* Filing Nos. 104, 106, 109, 111, 113, 115 and 117.) For the reasons discussed below, such a response may be unnecessary. However, to the extent that Defendants desire to respond to Plaintiff's supplemental documents, they may do so in accordance with Part 9 of the "IT IS THEREFORE ORDERED" section. Plaintiff is warned that if he continues to ignore the court's local rules and orders, this matter may be dismissed without further notice. Defendants' Objections and Motions to Strike (Filing Nos. 104, 106, 109, 111, 113, 115 and 117) are granted in part and denied in part. Plaintiff's Supplemental Motion for Stay and Objections (Filing Nos. 107, 110 and 114) are granted to the extent that Plaintiff's supplemental documents will not be stricken from the record and denied to the extent that they request further relief. This matter is deemed fully submitted and the court adopts the following relevant material facts.

### III. RELEVANT MATERIAL FACTS

1. Plaintiff Paul Castonguay is currently being held in Tecumseh State Prison in Tecumseh, Nebraska.

2. Plaintiff's claims relate to restrictions that occurred while he was detained in DCC in Omaha, Nebraska.

3. Defendants Newton, Foxall and Black are DCC employees.

4. On July 9, 2010, Summons were returned executed upon Newton, Foxall and Black.

5.      These Summons were served upon Karen Bieterman ("Bieterman") who was designated to accept service on behalf of DCC.

(*See* Docket Sheet; Filing No. 1 at CM/ECF p. 7; Filing Nos. 9, 19, 20, 21, 97-2 and 102-1.)

### IV.  ANALYSIS

**A.    Standard of Review**

Summary judgment should be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-51 (1986). In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. *Dancy v. Hyster Co.*, 127 F.3d 649, 652 (8th Cir. 1997).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate allegations with "'sufficient probative evidence [that] would permit a finding in [his] favor on more than mere speculation, conjecture, or fantasy.'" *Moody v. St. Charles Cty.*, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992)). "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id.* Essentially the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

**B.    Defendants' Amended Motion for Summary Judgment**

In their Amended Motion for Summary Judgment and supporting Brief, Defendants argue, among other things, that the court lacks personal jurisdiction over Defendants in

their individual capacities. (Filing No. 96 at CM/ECF pp. 18-21.) The court will explore this argument after briefly discussing Plaintiff's official capacity claims against Defendants.

> 1. *Official Capacity Claims*

As discussed in the court's previous Orders, Plaintiff's claims against DCC were dismissed because Plaintiff failed to state a claim upon which relief may be granted in accordance with *Jane Doe*. (*See* Filing Nos. 8 and 13.) Liberally construed, Plaintiff also sues Newton, Foxall and Black in both their official and individual capacities. (Filing No. 1 at CM/ECF p. 3.) *See also* NECivR 15.1(b) (permitting the court to consider a pro se litigant's amended pleadings "as supplemental to, rather than as superseding, the original pleading").

A claim against an individual, in his official capacity, is in reality a claim against the entity which employs the official. *See Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010) (concluding a suit against a public official in his official capacity is actually a suit against the entity for which the official is agent) (citations and quotations omitted). *Accord Eagle v. Morgan*, 88 F.3d 620, 629 n.5 (8th Cir. 1996) ("'[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.'") (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Thus, to sustain an action against Newton, Foxall and Black in their official capacities, Plaintiff must prove that DCC "itself caused the constitutional violation at issue." *Elder–Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006). The court has already addressed this issue. (*See* Filing Nos. 8 and 13.) Because Plaintiff's claims against DCC have been dismissed, Plaintiff's claims against Newton, Foxall and Black, in their official capacities, are also dismissed.

7

*2. Personal Jurisdiction*

"[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction). . . . Without jurisdiction the court cannot proceed at all in any cause; it may not assume jurisdiction for the purpose of deciding the merits of the case." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) (citations and quotations omitted). In addition, "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

> As set forth in Federal Rule of Civil Procedure 4(e):
>
> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>     (A) delivering a copy of the summons and of the complaint to the individual personally;
>     (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>     (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Here, Plaintiff's summons forms for Newton, Foxall and Black were returned executed upon Bieterman, who was designated to accept service on behalf of DCC. (Filing

Nos. 19, 20 and 21.) Defendants argue that because Plaintiff's summons forms were served upon Bieterman, service upon Newton, Foxall and Black in their individual capacities was improper. (Filing No. 96 at CM/ECF pp. 18-21.) However, it is unclear from the record whether Bieterman was authorized to accept service of process on behalf of Newton, Foxall and Black in their individual capacities. Stated another way, Defendants do not cite to any evidence showing that Bieterman lacked authorization to receive service of process on behalf of Newton, Foxall and Black in their individual capacities.

Because the record is unclear as to whether service was proper, the court will grant Plaintiff 30 days to cure any service defects. *See, e.g., McCaslin v. Cornhusker State Indus.*, 952 F. Supp. 652, 659 (D. Neb. 1996) (internal citation omitted) (stating the "court has broad remedial power to correct the service, . . . especially where justice demands and prejudice would not result to the improperly served parties"). If Plaintiff fails to cure any service defects in accordance with this Memorandum and Order, Defendants may move to dismiss this matter by submitting properly authenticated evidence showing that service was improper. If Plaintiff properly serves Defendants, Defendants may resubmit their arguments regarding the merits of Plaintiff's claims in a Motion for Summary Judgment filed within 21 days of service. If Defendants elect to file a Motion for Summary Judgment, Plaintiff shall have 14 days to file a response.

IT IS THEREFORE ORDERED that:

1. Defendants' Motion to Extend Time to file an Amended Motion for Summary Judgment (Filing No. 94) and Plaintiff's Motion Opposing Defendants' Motion to Extend Time to file an Amended Motion for Summary Judgment (Filing No. 98) are denied as moot;

2. Defendants' Objections and Motions to Strike (Filing Nos. 104, 106, 109, 111, 113, 115 and 117) are granted in part and denied in part in accordance with this Memorandum and Order;

3. Plaintiff's Objections (Filing Nos. 107, 110 and 114) are granted to the extent that Plaintiff's supplemental documents will not be stricken from the record and denied to the extent that they request further relief;

4. Defendants' Amended Motion for Summary Judgment (Filing No. 95) is denied without prejudice to reassertion in accordance with this Memorandum and Order;

5. Plaintiff's Motion Opposing Defendants' Reply Brief (Filing No. 105) is denied;

6. To obtain service of process on Defendants, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send THREE (3) summons forms and THREE (3) USM-285 forms to Plaintiff **for service upon Defendants in their individual capacities** together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur;

7. Upon receipt of the completed forms, the Clerk of the Court will sign the summons form, to be forwarded with a copy of the Amended Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Amended Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the Court will copy the Amended Complaint, and Plaintiff does not need to do so;

8. Fed. R. Civ. Pro. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, Plaintiff filed his original Complaint more than one year and nine months ago and has already attempted service of process once. Thus, Plaintiff shall have until September 23, 2011, to cure any service defects;

9. If Plaintiff fails to cure any service defects in accordance with this Memorandum and Order, Defendants may move to dismiss this matter by submitting properly authenticated evidence showing that service was improper. If Plaintiff properly serves Defendants, Defendants may resubmit their arguments regarding the merits of Plaintiff's claims in a Motion for Summary Judgment filed within 21 days of service. If Defendants elect to file

a Motion for Summary Judgment, Plaintiff shall have 14 days to file a response; and

10. **The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court**. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 22nd day of August, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

11