IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PAUL CASTONGUAY, | ) | CASE NO. 8:09CV413 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| JEFFREY NEWTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' Motion for Summary Judgment. (Filing No. 130.) Also pending are several other Motions filed by the parties. (Filing Nos. 121, 127, 132, 140, 147, 151, 152, and 153.) As set forth below, Defendants' Motion for Summary Judgment is granted and the other pending Motions are denied.

## I.  BACKGROUND

Plaintiff filed his original Complaint on November 17, 2009, alleging First Amendment and access to courts claims against Douglas County Corrections ("DCC"), three named individuals and other unknown individuals. (Filing No. 1 at CM/ECF p. 1.) On December 29, 2009, the court conducted an initial review of Plaintiff's original Complaint and determined that it failed to state a claim against DCC upon which relief could be granted. (Filing No. 8.) However, the court gave Plaintiff 30 days to amend his Complaint to clearly state a claim against DCC. (*Id*. at CM/ECF p. 6.) On February 23, 2010, Plaintiff filed an Amended Complaint. (Filing No. 12.) After reviewing the Amended Complaint the court dismissed Plaintiff's claims against DCC because Plaintiff failed to state a claim upon which relief may be granted in accordance with *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis County,* 901 F.2d 642, 645 (8th Cir.1990). (*See* Filing Nos.

8 and 13.) However, the court permitted Plaintiff's First Amendment and access to courts claims to proceed against the remaining Defendants. (Filing No. 13.)

On June 9, 2010, summons were returned executed upon Defendants Jeffrey Newton ("Newton"), Earnest Black ("Black") and Mark Foxall ("Foxall"). (Filing Nos. 19, 20 and 21.) After extensions of time, Defendants filed an Answer and began discovery. (*See* Filing Nos. 22-26, 29.) On January 14, 2011, Defendants filed a Motion for Summary Judgment along with a Brief and Index of Evidence in support arguing, among other things, that Plaintiff failed to exhaust his administrative remedies. (Filing Nos. 64, 65 and 66.) However, counsel for Defendants later discovered additional documents showing that Plaintiff may have exhausted his administrative remedies. (Filing No. 90 at CM/ECF p. 1.) On April 12, 2011, Defendants filed a Motion for Leave to File an Amended Motion for Summary Judgment seeking to withdraw several arguments. (*Id*. at CM/ECF p. 2.) On May 2, 2011, the court granted Defendants' Motion for Leave to File an Amended Motion for Summary Judgment. (Filing No. 93 at CM/ECF pp. 1-2.)

On May 16, 2011, Defendants filed their Amended Motion for Summary Judgment along with a Brief in Support. (Filing Nos. 95 and 96.) In their Brief, Defendants argued, among other things, that the court lacked personal jurisdiction over Defendants in their individual capacities. (Filing No. 96 at CM/ECF pp. 18-21.) On August 22, 2011, the court denied Defendants' Amended Motion for Summary Judgment because the record was unclear as to whether service was proper. (Filing No. 118 at CM/ECF pp. 8-9.) In doing so, the court provided Plaintiff 30 days to cure any service defects. The court also informed the parties that if Plaintiff failed to properly serve Defendants, Defendants could move to dismiss this matter. (*Id*.) However, if Plaintiff properly served Defendants,

Defendants could resubmit their arguments regarding the merits of Plaintiff's claims in a Motion for Summary Judgment. (*Id*. at CM/ECF p. 9.)

On September 26, 2011, Defendants filed a Motion to Dismiss because Plaintiff failed to serve Newton in accordance with the court's August 22, 2011, Memorandum and Order.[1] (Filing No. 127.) In their Motion to Dismiss, Defendants informed the court that they would also be filing a motion for summary judgment with regard to Black and Foxall. (*Id*.) On October 3, 2011, Defendants filed a Motion for Summary Judgment along with Brief in Support. (Filing Nos. 130 and 131.) A day later, Defendants filed a lengthy Index of Evidence in Support. (Filing Nos. 135, 136 and 137.) On October 13, 2011, Plaintiff filed an Objection to Defendants' Motion for Summary Judgment. (Filing No. 140.) On October 24, 2011, Defendants filed a Reply Brief and an additional Index of Evidence in Support of their Motion for Summary Judgment. (Filing Nos. 148 and 149.)

The party seeking the entry of summary judgment in its favor must set forth "a separate statement of material facts about which the moving party contends there is no genuine issue to be tried and that entitles the moving party to judgment as a matter of law." NECivR 56.1(a)(1). If the non-moving party opposes the motion, that party must "include in its [opposing] brief a concise response to the moving party's statement of material facts." NECivR 56.1(b)(1). Such response must "address each numbered paragraph in the

---

[1] An "Amended Summons" was returned executed on upon Newton on October 21, 2011. (*See* Filing Nos. 126 and 146.) Although service did not occur in accordance with the court's August 22, 2011, Memorandum and Order, it appears that Plaintiff was able to locate Newton and diligently attempted to serve him. (*Id.*; *see also* Filings Nos. 120, 121 and 122.) However, because the court is granting Defendants' Motion for Summary Judgment, the court need not entertain additional briefing, or argument, regarding whether service was proper upon Newton.

3

movant's statement" of facts and must contain pinpoint citations to evidence supporting the opposition. *Id.* "Properly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response." *Id.*; *see also* Fed. R. Civ. P. 56(e) ("A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.").

Defendants submitted a statement of material facts in accordance with the court's Local Rules and evidence properly authenticated by affidavit. Plaintiff has submitted a response. This matter is therefore deemed fully submitted and the court adopts the following relevant undisputed facts.

## II. RELEVANT UNDISPUTED FACTS

1. Plaintiff Paul Castonguay is a prisoner incarcerated at the Tecumseh State Correctional Institution in Tecumseh, Nebraska. (*See* Docket Sheet.)

2. Plaintiff was previously incarcerated at the Douglas County Correctional Center. (*See* Filing No. 1 at CM/ECF p. 5.)

3. While Plaintiff was incarcerated at the Douglas County Correctional Center, Defendants restricted his ability to send mail to, or call, anyone other than his public defender. (Filing No. 12 at CM/ECF pp. 1-3; Filing No. 137-17; Filing No. 137-4 at CM/ECF p. 3.)

4. Because this restriction prevented Plaintiff from communicating directly with the court, Plaintiff mailed his original Complaint in this matter under another inmate's name (*i.e.* "Jason Hawthrone"). (*See* Filing No. 1 at CM/ECF pp. 3, 7.)

5. Defendants enacted this restriction after the District Court of Douglas County, Nebraska, issued an order revoking Plaintiff's phone and outgoing mail privileges on February 12, 2009. (Filing No. 136-3, Attach. 3.)

     6.     The February 12, 2009, order states:

> THIS MATTER comes before the Court on the oral motion of the State of Nebraska asking the Court to revoke the Defendant's phone privileges, the phone privileges of inmates who have allowed the Defendant to use their phone privileges and to revoke the Defendant's outgoing mail privileges. The State of Nebraska was represented by Deputy County Attorneys Leigh Ann Retelsdorf and Matthew M. Kuhse. The Defendant was present in court and represented by Assistant Public Defender LeAnne M. Srb.
>
> On December 31, 2008, this Court modified the Defendant's bond to include a no-contact order with Pauline Castonguay, a material witness. Despite this order, the State informed the Court that the Defendant has contacted a material witness, Pauline Castonguay, sixteen (16) times since December 31, 2009 [sic]. In addition, the State informed the Court that the Defendant has used the data numbers of six (6) other inmates at the Douglas County Correctional Center to contact Pauline Castonguay. The Defendant, through his attorney, objected to the State's motion[.]
>
> The Court being fully advised in the premises hereby overrules the Defendant's objection and sustains the State's oral motion.
>
> IT IS THEREFORE ORDERED that the Douglas County Correctional Center revoke the Defendant's phone privileges.
>
> IT IS FURTHER ORDERED that the Douglas County Correctional Center revoke the phone privileges of Derrick Scay, Jasin Cooks, David Jaramillo, James Graham and Steven Arnold as they have provided the Defendant with their data numbers to make calls to Pauline Castonguay.
>
> IT IS FURTHER ORDEDED [sic] that the Douglas County Correctional Center revoke the out-going [sic] mail privileges of the Defendant.

(*Id.*)

     7.     In early November 2009, Plaintiff contacted his public defender and informed her of his difficulties contacting Jami Birkel ("Birkel"), an assistant public defender who had been appointed to represent Plaintiff in a separate case. (Filing No. 137-22 at CM/ECF p. 2.)

     8.     Thereafter, Plaintiff's public defender spoke to the county attorney about Birkel's representation of Plaintiff. (*Id.*) After this discussion, Plaintiff's public defender sent Plaintiff a letter informing him that Newton was giving plaintiff privileges to both call and send mail to the Douglas County District Court Clerk's Office and Jami Birkel. (Filing No. 137-23.)

5

### III.  ANALYSIS

### A.  Standard of Review

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c). *See also* Egan v. Wells Fargo Alarm Servs., 23 F.3d 1444, 1446 (8th Cir. 1994). It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue. Bell v. Conopco, Inc., 186 F.3d 1099, 1101 (8th Cir. 1999). In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. Dancy v. Hyster Co., 127 F.3d 649, 652 (8th Cir. 1997).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate their allegations with "'sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy.'" Moody v. St. Charles County, 23 F.3d 1410, 1412 (8th Cir. 1994), (quoting Gregory v. City of Rogers, 974 F.2d 1006, 1010 (8th Cir. 1992)). "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id.* Essentially the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

6

**B.     Defendants' Motion for Summary Judgment**

Defendants argue, among other things, that they are entitled to qualified immunity because they were complying with a state court order that revoked Plaintiff's phone and outgoing mail privileges. (Filing No. 131 at CM/ECF pp. 35-44.)

Qualified immunity is a question of law to be determined by the court and should ordinarily be decided long before trial. *Hunter v. Bryant*, 502 U.S. 224, 228 (1991). "Public officials, of course, are entitled to qualified immunity from liability for damages under 42 U.S.C. § 1983, if 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Domina v. Van Pelt*, 235 F.3d 1091, 1096 (8th Cir. 2000), (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). In short, "qualified immunity shields a defendant from suit if he or she could have reasonably believed his or her conduct to be lawful in light of clearly established law and the information [that the defendant] possessed." *Smithson v. Aldrich*, 235 F.3d 1058, 1061 (8th Cir. 2000), (citations and quotations omitted). "The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Id.* (citations and quotations omitted). Moreover, qualified immunity is "the usual rule" and state actors will enjoy qualified immunity in all but "exceptional cases." *Foy v. Holston*, 94 F.3d 1528, 1532 (11th Cir. 1996).

The court focuses on two questions to determine whether an official is entitled to qualified immunity: "(1) whether, after viewing the facts in the light most favorable to the party asserting the injury, there was a deprivation of a constitutional or statutory right; and, if so, (2) whether the right was clearly established at the time of the deprivation such that

a reasonable official would understand that their conduct was unlawful . . . ." *Henderson v. Munn,* 439 F.3d 497, 501 (8th Cir. 2006), (citations and quotations omitted). A court "may consider these factors in either order." *Stepnes v. Ritschel,* 663 F.3d 952, 960 (8th Cir. 2011).

Here, the undisputed facts show that Defendants restricted Plaintiff's phone and outgoing mail privileges while he was incarcerated at the Douglas County Correctional Center. (Filing 12 at CM/ECF pp. 1-3; Filing No. 137-17.) The extent of this restriction is in dispute. However, even assuming that this restriction violated Plaintiff's First Amendment rights and denied him access to the courts, Defendants are entitled to qualified immunity because they were complying with an order from the District Court of Douglas County, Nebraska. The Eighth Circuit has stated that "[a] reasonably competent official should know that it is not lawful to disobey a . . . [a] court order." *Slone v. Herman,* 983 F.2d 107, 111 (8th Cir. 1993); *see also Walters v. Grossheim,* 990 F.2d 381, 384 (8th Cir. 1993), (affirming district court's decision to deny qualified immunity defense where prison officials disobeyed a state court order on the advice of counsel). Moreover, Defendants were mindful to provide Plaintiff the ability to send mail to, and call, his public defender. (*See* Filing No. 137-17.) Under these circumstances, Defendants could have reasonably believed that their conduct was lawful in light of clearly established law. *See Smithson,* 235 F.3d at 1061. Defendants are entitled to qualified immunity and Plaintiff's Complaint is dismissed with prejudice.

IT IS THEREFORE ORDERED that:

1. Defendants' Motion for Summary Judgment (Filing No. 130) is granted and Plaintiff's claims against Defendants are dismissed with prejudice;

2. Plaintiff's Objection to Defendant's Motion for Summary Judgment (Filing No. 140) is denied;

3. Defendants' Objections (Filing Nos. 121, 151 and 153) and Motion to Dismiss (Filing No. 127) are denied as moot;

4. Plaintiff's Objection to Defendants' Motion to Dismiss (Filing No. 132), Objection to Defendants' Motion for Extension of Time (Filing No. 147), and Objection to Objection (Filing No. 153) are denied as moot; and

5. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 10th day of February, 2012.

BY THE COURT:


s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.